1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Jason Young, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br><br>Resurgent Capital Services L.P.;<br><br>Defendants. | Case No.:<br><br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Jason Young brings this Class Action Complaint by and through his attorneys against the Defendants Resurgent Capital Services L.P. ("Resurgent" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

COMPLAINT - 1

## INTRODUCTION/PRELIMINARY STATEMENT

1.     The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.     The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

COMPLAINT - 2

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Washington consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Washington.

8. Defendant Resurgent is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA

9. Resurgent's registered agent for service is Corporation Service Company, 300 Deschutes Way SW, Suite 208 MC-CSC1, Tumwater, WA 98501.

10. Upon information and belief, Resurgent is a company that uses the mail and telephone and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

COMPLAINT - 3

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

12. The Class consists of:

    a. all individuals with addresses in the State of Washington;

    b. to whom the Defendant Resurgent sent an initial collection letter;

    c. attempting to collect a consumer debt;

    d. that falsely claimed that the entire balance owed includes $0.00 of interest, despite the same including interest; and

    e. which letter was sent on or after a date one year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to

COMPLAINT - 4

consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692g.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **<u>Numerosity:</u>** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692g.

COMPLAINT - 5

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

    c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

COMPLAINT - 6

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**FACTUAL ALLEGATIONS**

20. Plaintiff repeats the above allegations as if set forth here.

21. Some time prior to August 30, 2022, Plaintiff allegedly incurred an obligation to non-party First National Bank Omaha ("First National").

22. The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically credit from First National used for those purposes.

23. The alleged First National obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. Upon information and belief, through one or more transactions, LVNV Funding LLC ("LVNV") acquired the debt from First National.

25. LVNV is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

COMPLAINT - 7

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

26. According to the Letter described below, LVNV retained Resurgent to collect the subject debt.

27. Defendant Resurgent collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – August 24, 2022 Collection Letter*

28. On or about August 24, 2022, Defendant Resurgent sent the Plaintiff an initial collection letter ("Letter") regarding the alleged debt. See Letter attached as Exhibit A.

29. The Letter states a "Balance" due of $3,491.65.

30. The Letter also states that the amount of interest owed is zero.

31. The Letter further states, "This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector."

32. However, upon information and belief, the balance of $3,491.65 actually includes interest.

33. This interest was either charged by Defendant, LVNV, First National, or a prior alleged owner of the debt.

34. Upon information and belief, Defendant lumped interest and principal together and just called it the balance.

COMPLAINT - 8

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

35. This language is further misleading and deceptive because it does not actually state whether the account is accruing interest and fees.

36. As a result of the Defendant's actions, Plaintiff was unable to evaluate how much is truly being alleged as the correct balance, is being misled at to the total owed, and cannot properly evaluate the demand for payment or how to address it.

37. The amount stated as due is therefore false, deceptive, misleading, and unfair.

38. Because of the Defendant's improper collection actions Plaintiff was unable to properly respond to the Letter.

39. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

40. Because of the Defendant's improper collection the Plaintiff was prevented from taking certain actions he would have, or could have, otherwise taken had the Defendant's Letter not contained false, deceptive, misleading, or unfair content.

41. Plaintiff was left uncertain as to the debt and the amount involved here and how this implicates his alleged responsibilities for making payment thereon.

42. Plaintiff was misled by the Letter.

COMPLAINT - 9

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

43. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

44. Because of the Defendant's actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were prioritized elsewhere.

45. Plaintiff expended time, money, and effort in determining the proper course of action.

46. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

47. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties.

48. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused the Defendant's furnishment, and the ultimate dissemination, of negative credit reporting to the Plaintiff's financial and reputational detriment.

49. Thus, Defendant's improper acts, and the Plaintiff's reliance thereon, caused the Plaintiff reputational harm.

50. Additionally, Defendant's improper acts, and the Plaintiff's reliance thereon, caused the Plaintiff financial harm.

COMPLAINT - 10

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

51. Defendant's improper acts, and the Plaintiff's reliance thereon, also caused the Plaintiff emotional harm in the form of shock and apprehension.

52. Plaintiff's reputational and emotional harm manifested itself physically in the form of restlessness.

53. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

54. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, defamation and conversion.

55. These violations by Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

56. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused the Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

57. Defendant's false, deceptive, misleading and/or unfair representations with respect to its collection efforts were material misrepresentations that affected

COMPLAINT - 11

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

and frustrated Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

58. Plaintiff was misled to his detriment by the statements in the Letter, and relied on the contents of the Letter to his detriment.

59. As a result of the Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. §1692e *et seq.***

60. Plaintiff repeats the above allegations as if set forth here.

61. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

62. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

63. Defendant violated said section, as described above, by making a false and misleading representation in violation of §§ 1692e (2), 1692e (5), 1692e (10); and 1692e.

64. By reason thereof, Defendant is liable to Plaintiff for judgment that the Defendant's conduct violated Section 1692e, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

65. Plaintiff repeats the above allegations as if set forth here.

66. Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692g.

67. Pursuant to 15 U.S.C. §1692g(a)(1), within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall … send the consumer a written notice containing the amount of the debt.

68. Defendant violated this section, as described above, by failing to accurately disclose the amount of interest included in the debt balance in a Letter issued for the purpose of satisfying 15 U.S.C. §1692g.

69. Defendant, in turn, continued to collect the debt in further violation of 15 U.S.C. §1692g despite the invalid G Notice.

COMPLAINT - 13

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

70.  By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g, et *seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

71.  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jason Young, individually and on behalf of all others similarly situated, demands judgment from the Defendant Resurgent as follows:

1.  Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Michael Brubaker, Esq., as Class Counsel;

2.  Awarding the Plaintiff and the Class statutory damages;

3.  Awarding the Plaintiff and the Class actual damages;

4.  Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.  Awarding pre-judgment interest and post-judgment interest; and

COMPLAINT - 14

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

6. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 5, 2023                 Respectfully submitted,

s/ Michael Brubaker
Michael Brubaker, Esq.
WSBA #49804
Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

*Attorneys for Plaintiff*

COMPLAINT - 15

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com